# UNITED  STATES  DISTRICT  COURT

# SOUTHERN  DISTRICT  OF  GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR417-062 |
| | ) | |
| TEVIN LAWTON | ) | |

## REPORT AND RECOMMENDATION

Indicted on gun charges, doc. 44, Tevin Lawton moves to suppress the statements he made to ATF Agent Lee Hoover, who questioned him while he was in a police transport van after his arrest for aggravated assault and cruelty to children.  Doc. 31; *see also* docs. 31-2, 31-3, 31-4, 31-5 & 31-6 (police reports).  Complying with S. D. Ga. Cr. R. 12.1, Lawton attested that Hoover failed to advise him of his *Miranda* rights beforehand.  Nor did he sign the "Rights Waiver Form" that she used while questioning him.  Doc. 31-7; *see also* doc. 40 (copy of that form). He argued that she obtained his statements "in violation of [his] Fifth and Sixth Amendment rights, 18 U.S.C. § 2510 *et seq.*, Fed. R. Crim. P. 41."  Doc. 31 at 1.[1]  Lawton's affidavit and argument fetched him a

---

[1]   He uses the word "statement" in the singular, doc. 31 at 1, but never does say which "statement" he wants suppressed.  He does at one point say, however, that

hearing, *see United States v. Austin*, CR417-091, doc. 41 (S.D. Ga. July 11, 2017) (detailing requirements for a hearing), but once there he could not stand on his affidavit since it remained hearsay.  His subsequent failure to testify left Hoover's testimony unrebutted.

In that regard, the Court finds her testimony credible.  She spoke with Lawton while he was inside of the police van (hence, in police custody) and through the van's grated door.  Doc. 50 at 9.  She read to him, and filled out, the Rights Waiver Form as they spoke:

Q.  Did you read it from the form you had?

A.  I read it verbatim from this form.[2]

Q.  And did he say that he understood his rights?

A.   I asked him, "do you understand each of these rights as I've explained to you?"  He said, "yes, ma'am." I said, "having these rights in mind, do you wish to answer my questions at this time?" He said, "yes."

---

"any statements he made to [Hoover] must be suppressed."  *Id*. at 4.

[2]   In pertinent part the form says:

You are going to be asked some questions regarding this investigation.  You have the right to remain silent and anything you say may be used against you in a court of law.  You have the right to have a lawyer present, either of your own choice, or court appointed if you are unable to afford one, and to talk with your lawyer before answering any questions, and to have your lawyer with you during questioning if you wish.

Doc. 40 at 1.

Q.  And that's your writing on that form?

A.  That's my writing and my signature.

*Id.* at 12 (footnote added); *see also id.* at 22 ("I remember reading him that, and I remember the exact answers that he gave me to the questions that are beneath it."); *id.* at 24.

Hoover did not have Lawton sign the form because the grated barrier between them prevented her from handing it to him.  Doc. 50 at 11; *but see id.* at 20, 23 (she conceded that she could have gotten the police to open the grated door so Lawton could sign the form).  He evinced no sign that he was under the influence of any substance, and in fact presented as coherent.  *Id.* 13-14.  Nor did Hoover employ or witness any coercion.  *Id.* at 14.  She recorded the interview on a digital recorder, but lost the recording.  *Id.* at 16-17.

In the conclusion of his brief, Lawton clarifies that he wants his statements suppressed "[b]ecause [he] was in custody and not mirandized before he was questioned, [so] any statements he made to Special Agent Hoover must be suppressed."  Doc. 31 at 4.  *See Miranda v. Arizona*, 384 U.S. 436 (1966).

In *Miranda*, the Supreme Court determined that any custodial interrogation of a suspect involves "inherently compelling

3

pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." *Miranda v. Arizona*, 384 U.S. 436, 437 (1966). The Court, therefore, created a presumption that evidence produced by custodial interrogation is coerced unless a suspect is first informed of his constitutional right to remain silent and the right to have an attorney present during any questioning. The suspect must also be informed that any statement he makes may be used as evidence against him and that he has a right to appointed counsel. *Id*. at 444-45. Absent such warnings, the government may not use a statement obtained from a suspect who was in custody at the time he was questioned by the police. If the accused invokes his right to remain silent, "the interrogation must cease." *Id*. at 474. If the accused indicates "in any manner" that he wishes to consult with an attorney, "the interrogation must cease until an attorney is present." *Id*. at 444, 474. The government bears the burden of showing that the defendant's in-custody statements were obtained in compliance with *Miranda* and were otherwise voluntary. *Missouri v. Seibert*, 542 U.S. 600, 608 n. 1 (2004); *Colorado v. Connelly*, 479 U.S. 157, 168 (1986); *Miranda*, 384 U.S. at 475.

*United States v. Watts*, 2016 WL 6652470 at * 2 (S.D. Ga. Oct. 13, 2016).

The Court finds that Hoover met the foregoing requirements and, thus, defendant was properly *Mirandized* before he was questioned. As the Court noted at the conclusion of the hearing, it would be ideal if Hoover recovered her recording of the encounter, and also if she had gotten the van's grated door opened to obtain Lawton's signature on the waiver form that day. But "[t]he law requires neither." Doc. 50 at 30. Finally, the evidence presented supports no involuntariness issue on other grounds (*e.g.,* post-*Mirandizing* coercion, duress, or mental

4

infirmity),[3] and Lawton raised no such claim in his brief or at the hearing.

Tevin Lawton's motion to suppress his statements (doc. 31) should be **DENIED**.  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

[3]  The *Miranda* court made clear that a defendant may waive the rights conveyed in the warnings "provided the waiver is made voluntarily, knowingly and intelligently." *Miranda*, 384 U.S. at 444.  Subsequent cases have carefully distinguished the "voluntariness" and "knowing and intelligent" requirements:

> The inquiry has two distinct dimensions.  First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception.  Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.  Only if the "totality of the circumstances surrounding the interrogation" reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.

*Moran v. Burbine*, 475 U.S. 412, 421 (1986) (quoting *Fare v. Michael C.*, 442 U.S. 707, 725 (1979)) (cites omitted); *Colorado v. Spring*, 479 U.S. 564, 573-74 (1986); *Edwards v. Arizona*, 451 U.S. 477, 483-84 (1981); *United States v. Wright*, 300 F. Appx. 627, 630 (11th Cir. 2008); *Watts*, 2016 WL 6652470 at * 2.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 14th day of July, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA